UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TARAS JERMAINE WALLACE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-01091-NCC |
| CIRCUIT CLERK, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Taras Jermaine Wallace brings this civil action against the Circuit Clerk of the St. Charles County Circuit Court, located in St. Charles, Missouri. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support,[1] the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915 (a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] The Court recognizes that there could be a potential conflict between the financial information submitted on Plaintiff's August 7, 2024, 'Application to Proceed in District Court without Prepaying Fees or Costs' where he states that he had no income in the past 12 months (ECF No. 2 at 1) and his 2023 Missouri State Tax Return which he filed as an exhibit, stating that he earned almost ten thousand dollars in 2023 working as a welder (ECF No. 6 at 6-7). The Court reminds Plaintiff of his duty under the Local Rules to update the Court as to any change in his financial status. *See* E.D. Mo. L.R. 2.05(B) (after being granted leave to proceed *in forma pauperis*, a plaintiff "shall promptly notify the Court in writing of any change in his or her financial status. Failure to so notify may result in dismissal of the case or other sanctions.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's Litigation Background**

## I. This Federal Court

On November 15, 2018, a federal grand jury in the Eastern District of Missouri returned a three-count indictment charging Plaintiff with possession with intent to distribute cocaine base, possession of a firearm in furtherance of that drug trafficking crime and being a felon in possession of a firearm. *United States v. Wallace*, No. 4:18-CR-970-JAR (E.D. Mo. filed Nov. 15, 2018). On October 26, 2021, after much briefing, expert opinions, and two competency hearings, the Court found that Plaintiff was suffering from a mental disease or defect rendering him unable to understand the nature and the consequences of the proceedings against him or assist properly in his defense. *Id.* at ECF No. 147 at 2. The Court ordered that he be hospitalized to determine if he could be restored to competency. *Id.* On February 27, 2023, the government moved to dismiss the indictment. After a conference on the motion, the Court granted the motion and dismissed the indictment pursuant to Rule 48(a), on March 2, 2023. *Id.* at ECF No. 199.

## II. Missouri State Court

Independent review of Plaintiff's criminal history on Missouri Case.net, the State of Missouri's online docketing system, shows multiple state court criminal charges and sentences served by Plaintiff. However, the only criminal case from St. Charles County, indicates that a warrant issued against Plaintiff in June 1995 on a charge of delivery or manufacture of an imitation controlled substance. *State v. Wallace*, No. 11R019501595-01 (11th Jud. Cir. 1995). In December 1995, Plaintiff pled guilty to the charge in the St. Charles Circuit Court and was sentenced to three years with the Missouri Department of Corrections (MDOC).

Also mentioned by Plaintiff in his pleadings is a case out of the City of St. Louis Circuit Court. *See State v. Wallace*, No. 22941-03870B (22nd Jud. Cir., 1994). According to Case.net, Plaintiff was charged in November 1994 with one count of possession of a controlled substance –

cocaine base. After pleading guilty, in October 1995, Plaintiff was sentenced to 2 years with MDOC, to be served concurrent with his sentence on a 1992 stealing charge. The docket sheet for the case notes that a certified copy of the indictment, sentence, and judgment were sent to Plaintiff in August 2023.

## The Complaint and Supplements

Plaintiff brings this civil action against the Circuit Clerk for the St. Charles Circuit Court. ECF No. 1 at 1-2. Plaintiff alleges that defendant Clerk "didn't follow the expungement" in "Fall 2013" in "St. Louis, Missouri." *Id.* at 5. As a result, Plaintiff has had difficulty finding "gainful employment" in 2024. Plaintiff further asserts that the St. Charles Circuit Clerk "did not verify expungement of cases from 1992 to 1997, federally 2001 to 2005[,] state also." *Id.*

In terms of the Court's basis for jurisdiction over this matter, Plaintiff indicates that he brings the case under federal provisions, including: "903. False Statements, Concealment[,] 18 U.S.C. § 1001 (sec § 1341 and 1343, H.R. 1280 George Floyd Justice in Policing Act of 2021, Section 242." *Id.* at 3. However, he also seems to indicate that jurisdiction exists due to the suit being against the "Circuit Clerk Office, St. Charles Missouri" which he incorrectly names as a federal office or agency. But also, that diversity jurisdiction exists, even though he admits that both he and the St. Charles Circuit Clerk are from Missouri. *Id.* at 3-4.

In the Relief section of the form complaint, Plaintiff explains that for the past year, he has lost jobs. *Id.* Previously, he served time in jail without being registered as an inmate or as a convicted felon. He appears to seek as relief: "Liberty of [his] state, 7 years expungement, and paid legal debt." *Id.* He does not request actual or punitive damages. *Id.* at 6.

About six weeks after initiating this suit, Plaintiff filed two supplements to his complaint. ECF Nos. 5-6. The relevance of these documents to this case is very hard to decipher. Plaintiff states that the "transcripts are evidence of background checks that have destroyed [his] life. ... I

- 4 -

just tried to get a job ... That is how I seen the case in St. Charles." ECF No. 6 at 2. Most of the exhibits included in these supplements are indecipherable or have no obvious relation to the facts of this case. These include documents on Plaintiff being delinquent on student loan payments, Plaintiff's 2023 state tax return, unreadable copies of screenshots, printouts of various cases and charges with Plaintiff's nonsensical handwritten notes, traffic citations, alcohol and drug testing forms, dismissal and release orders from the Eastern District of North Carolina, educational records from a technical college, and a voter identification card. ECF Nos. 5-6.

The only filings that appear to relate to Plaintiff's allegations are a state court case printout, which appears to be from *State v. Wallace*, No. 11R019501595-01 (11th Jud. Cir. 1995), on which Plaintiff made notes calling it a "false case" and saying that the case "would have been a conviction if [he] was a felon." ECF No. 6 at 9. He also filed a poor-quality copy of a document named background_report.pdf which Plaintiff labels as a background check done by a potential employer. *Id.* at 23. The background check references Plaintiff's City of St. Louis 22nd Circuit case No. "22941-038708," next to which Plaintiff wrote: "This is the expunged crack cocaine case." *Id.*

## Discussion

After careful review and liberal construction of Plaintiff's pleadings, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff appears to be arguing that he had a state court case that was supposed to have been expunged from his record, but it was not, so it showed up on a background check done by a potential employer, resulting in him not getting a job. It is unclear what state court criminal case Plaintiff is referring to. Based on Plaintiff naming the St. Charles Circuit Clerk as the sole defendant in this matter, one would assume Plaintiff is referring to a case out of that Circuit. However, notes on his pleadings seem to indicate he may be referring to a case out of the City of St. Louis Circuit Court. Regardless of which criminal case he believes should have been

expunged, he provides no evidence that any case was supposed to be expunged from his record. Therefore, as discussed in more detail below, this case will be dismissed for failure to state a claim upon which relief may be granted.

To the extent Plaintiff is alleging that his St. Charles case *State v. Wallace*, No. 11R019501595-01 (11th Jud. Cir. 1995), was a "false case" that should have been expunged, he has provided no evidence to support this assertion. Although self-represented complaints must be liberally construed, *Erickson*, 551 U.S. at 94, nevertheless, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914. In this case, Plaintiff provides no facts supporting his assertion that any of his criminal state court cases were supposed to have been expunged from his record.[2]

Furthermore, Plaintiff's pleadings fail to comply with the Federal Rules. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Nowhere in the complaint or supplements does Plaintiff set forth a short and plain statement of what he claims entitles him to relief as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff does not even mention the defendant by name in his facts and legal claims alleged. To the extent Plaintiff is asserting that his 1995 drug conviction out of the City of

---

[2] The Court notes—although this issue was not raised by Plaintiff—that state court records indicate that Plaintiff's date of birth is in early 1973. *See State v. Wallace*, No. 22941-03870B (22nd Jud. Cir., 1994). As such, this case does not appear to involve an issue of expungement of juvenile criminal records as Plaintiff does not appear to have been a juvenile during any of the discussed state court convictions.

St. Louis Circuit Court should have been expunged, then he named the wrong defendant because the records for that case are not kept by the named defendant—the Circuit Clerk from the St. Charles Circuit Court.

Plaintiff states that this federal court has jurisdiction over this matter because it is brought under federal provisions: "903. False Statements, Concealment[,] 18 U.S.C. § 1001 (sec § 1341 and 1343, H.R. 1280 George Floyd Justice in Policing Act of 2021, Section 242." ECF No. 1 at 3. Plaintiff cannot sue defendant Clerk for false or fraudulent statements under the criminal code, 18 U.S.C. § 1001. The criminal code does not give this federal court jurisdiction and Plaintiff, as a civil plaintiff, cannot bring a claim based on this criminal statute. Furthermore, Plaintiff does not deny that he was convicted in his state court case, or that the charges were false or fraudulent, he is just asserting that the records should have been expunged for some reason. None of the legal provisions listed by Plaintiff on his complaint provide a legal basis for his claims here.

Finally, although Plaintiff does not request damages, to the extent he is attempting to assert a civil rights claim under 42 U.S.C. § 1983 against the St. Charles Circuit Clerk, this claim also fails. Because Plaintiff does not provide a short and plain statement of his allegations against the Circuit Clerk, the Court does not know exactly what actions Plaintiff is claiming that the Clerk did to violate his rights. However, the Court recognizes that court clerks are protected by immunity for many of their actions. "For court clerks, absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules." *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 928 (8th Cir. 2020). In addition to absolute immunity, court clerks can also be protected by quasi-judicial immunity. *See Boyer v. Cnty. of Wash.*, 971 F.2d 100, 102 (8th Cir. 1992) (discussing how court clerks are entitled to quasi-judicial immunity for civil rights violations that relate acts which are "integral parts of the criminal judicial process"). In this case, if Plaintiff is alleging that defendant Circuit Clerk made a mistake in not expunging a

case, this would most likely be an act protected by quasi-judicial immunity because the handling of court records is an integral part of the criminal justice process.

Finally, the Supreme Court recognized that criminal proceedings that happen in public courtrooms have limited privacy protections when it explained:

> A trial is a public event. What transpires in the court room is public property. ... Those who see and hear what transpired can report it with impunity. There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it.

*Craig v. Harney*, 331 U.S. 367, 374 (1947). Plaintiff's public plea and sentencing in state court are not entitled to privacy. Plaintiff seems to allege it should have been expunged from his record, but he provides no proof of that assertion.

For all the reasons discussed above, Plaintiff's pleadings fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). This case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of November, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE